# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**NANCY S. DAVIDSON and**                                                               **PLAINTIFFS**
**MICHAEL A. DAVIDSON**

**v.**                             **Case No. 4:20-CV-00244-BSM**

**ETHICON, INC.,** *et al.*                                                         **DEFENDANTS**

## ORDER

Defendants' motion for partial summary judgment [Doc. No. 68] is denied. Plaintiffs' motion to exclude the testimony of C. Bryce Bowling, M.D. [Doc. No. 70] is denied.

### I. BACKGROUND

Nancy and Michael Davidson are suing Ethicon, Inc. and Johnson & Johnson (together "Ethicon") for losses related to its pelvic mesh product, Prolift, as part of a multidistrict litigation ("MDL"). *See* Am. Compl., Doc. No. 8; Am. Master Compl., Doc. No. 82-1. The undisputed facts are as follows.

Nancy Davidson had a Prolift device implanted to treat pelvic organ prolapse. Pls.' Resp. Defs.' F. No. 1, Doc. No. 117. Dallas Johnson, M.D. implanted the device. Mrs. Davidson alleges that she has had follow-up surgeries and suffers from bladder infections, pain, fear of surgery, and urinary incontinence as a result of the Prolift device. She also alleges that she did not see any Prolift brochures before her surgery and that she did not rely on any statements from Ethicon about the Prolift device before having it implanted. She relied on Dr. Johnson and her referring physician, Julia Watkins, M.D., in deciding to implant the device. Ethicon moves for partial summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). All reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

Plaintiffs' gross negligence and unjust enrichment claims are the only claims addressed below because plaintiffs have withdrawn other claims. *See* Pls.' Resp. Mot. Partial Summ. J. at 2, n.1, Doc. No. 74.

A.      Gross Negligence

Summary judgment is denied on the Davidsons' gross negligence claim because they have identified the requisite duty of care that Ethicon owed them.

Gross negligence is the intentional failure to perform a duty owed, in reckless disregard of the consequences affecting the life or property of another. *Key v. Coryell*, 185 S.W.3d 98 (Ark. Ct. App. 2004). Ethicon argues that plaintiffs' claim fails, since they have

2

not identified a "manifest duty" that Ethicon owed them, other than the duty of care that supports their ordinary negligence claims. Br. Mot. Partial Summ. J. at 12, Doc. No. 69. *See Doe v. Baum*, 72 S.W.3d 476, 487 (Ark. 2002).

In response, plaintiffs argue that they have identified duties sufficient to overcome the motion for summary judgment. Pls.' Resp. Mot. Partial Summ. J. at 4. In support of this argument, plaintiffs point out that they have shown that Ethicon "deliberately chose to manipulate" studies done on its pelvic mesh products, and that it "made a conscious decision" to forego creating registries to inform doctors and patients about the risks associated with the products. Mast. Compl. ¶ 8; *see also Forester v. Ethicon*, No. 2:12-cv-00486, ¶ J (S.D. W. Va. Feb. 8, 2017), Ex. A, Doc. No. 74-1. Plaintiffs also allege that they have shown that Ethicon's conduct involved "an extreme degree of [known] risk, considering the probability and magnitude of the potential harm to others." Mast. Compl. ¶ 217.

Plaintiffs have identified the "manifest duty" that Ethicon owed them, *see Baum*, 72 S.W.3d at 487, and summary judgment is denied on their gross negligence claim.

B. <u>Unjust Enrichment</u>

Summary judgment is denied on the Davidsons' unjust enrichment claim because there is a genuine dispute of material fact.

Unjust enrichment requires a party to (1) receive something of value, (2) that he or she was not entitled to receive, (3) from a situation making the enrichment unjust and

3

compensable, and (4) as a result, the item of value must be returned. *See Lookabaugh v. Hanna Oil and Gas Co.*, 442 S.W.3d 1 (Ark. 2014); *El Paso Prod. Co. v. Blanchard*, 269 S.W.3d 362, 372 (Ark. 2007).

Defendants argue that plaintiffs' claim fails, since unjust enrichment is "measured by the value of the benefit conferred on the defendant, not the damages the plaintiff suffered." Br. Mot. Partial Summ. J. at 12 (citing *Hartness v. Nuckles*, 475 S.W.3d 558, 564 (Ark. 2015)). Defendants argue that plaintiffs have not offered an approximation of the value Ethicon received from the Prolift device, instead asserting claims for tort damages. *Id*. at 12–13.

Plaintiffs respond that they have provided support that Ethicon unjustly received something of value, which it must restore. Pls.' Resp. Mot. Summ. J. at 5–7. At a minimum, plaintiffs argue, they have created a factual dispute that is not properly decided at summary judgment. *See id.* at 6. This is true because plaintiffs argue that they paid Ethicon for the Prolift, but did not receive a safe and effective device. Master Compl. ¶¶ 222, 225. They argue that Ethicon made money from the sale of its Prolift devices to UAMS, where Dr. Johnson implanted Mrs. Davidson's Prolift. Pls.' Resp. Mot. Summ. J. at 7. Further, Ethicon concedes that it does not give out "free device samples." Defs.' F. Sheet ¶¶ 3, 8, Ex. B., Doc. No. 74-2.

There is a material factual dispute as to plaintiffs' unjust enrichment claim, so summary judgment is denied.

C. <u>Motion to Exclude Expert Testimony of C. Bryce Bowling, M.D.</u>

Plaintiffs' motion to exclude the expert testimony of Dr. Bowling is denied. A witness who is qualified as an expert may give opinion testimony if (1) her specialized knowledge will help a fact-finder understand the evidence, (2) there is sufficient factual basis for the testimony, (3) her principles and methods are reliable, and (4) her principles and methods are reasonably applied to the case at hand. Fed. R. Evid. 702. Courts ensure that expert testimony "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). The party calling the expert must show by a preponderance of the evidence that the expert's opinion is reliable. *Adams v. Toyota Motor Corp.*, 867 F.3d 903, 915 (8th Cir. 2017). The weight and credibility given to the expert's testimony is left to the jury. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Dr. Bowling is a practicing urogynecologist. Defendants seek to offer his testimony to refute plaintiffs' claims that Ethicon's Prolift device caused Mrs. Davidson's medical injuries. Plaintiffs have several objections to Dr. Bowling's testimony. They argue that since Dr. Bowling has not personally drafted an instruction for use ("IFU) for a medical product, he is unqualified to opine whether an IFU is misleading. Pls.' Mot. Exclude at 6, Doc. No. 70. They argue that Dr. Bowling's opinion that the Prolift was not defective is an inadmissible legal conclusion, and that his opinion of Prolift as "state-of-the-art" is merely preference and is neither relevant nor reliable. *Id*. at 8–9. Plaintiffs argue that because Dr. Bowling has not researched mesh degradation, the reliability requirement of Rule 702 is

5

unsatisfied. *Id*. at 9. They argue that Dr. Bowling's opinion of Mrs. Davidson's credibility is unduly prejudicial and would "invade the province of the jury." *Id*. at 12–13. Plaintiffs argue that Dr. Bowling's criticisms of plaintiffs' counsel, doctors, and expert, Dr. Brian Raybon, similarly invade the province of the jury. *Id*. at 11–15.

Defendants respond that Dr. Bowling has participated in the process of drafting an IFU for a medical device manufacturer. Defs.' Resp. Mot. Exclude at 3–4, Doc. No. 73 (citing *Huskey v. Ethicon, Inc.*, 29. F.Supp.3d 691, 703–04 (S.D. W. Va. 2014)). Defendants argue that Dr. Bowling's opinions on Prolift's IFU, safety, efficacy, and design are not legal conclusions and are based on an assessment of Mrs. Davidson's medical records and scientific articles. *See id.* at 8–9. Moreover, defendants argue, the fact that Dr. Bowling has not personally researched or designed a pelvic mesh product does not render him unqualified, since he has twenty years of clinical practice treating patients for stress urinary incontinence. *Id*. at 11.

Dr. Bowling is qualified and the opinions in his report are based on reliable methods. *See* Bowling Case Specific-Report, Ex. B, Doc. No 73-1. Dr. Bowling is a practicing urogynecologist, with extensive experience in correcting mesh complications. His report cites scientific studies and literature. *Id*. at 39. Ethicon has shown by a preponderance of the evidence that Dr. Bowling's methods are reliable. *See Daubert*, 509 U.S. at 589; *see also Adams*, 867 F.3d at 915. To the extent that plaintiffs oppose Dr. Bowling's assessment of Mrs. Davidson's treating doctors, counsel, or expert witness, *see* Pls.' Mot. Exclude at

6

11–15, they may question him on cross examination.

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for partial summary judgment [Doc. No. 68] is denied.  Plaintiffs' motion to exclude the testimony of Dr. Bowling [Doc. No. 70] is denied.

IT IS SO ORDERED this 29th day of March, 2021.

_____
UNITED STATES DISTRICT JUDGE